FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

99 FEB 26 PM 3: 03

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAR 0 1 1999

| | |
|---|---|
| ADELFA GARCIA VILLA and CONCEPCION VILLA,<br><br>    Plaintiffs<br><br>vs.<br><br>HARDEN MANUFACTURING CORPORATION and LEVON SWIMS<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action Number<br><br>    97-C-1401-S |

## MEMORANDUM OF OPINION ON COBRA CLAIMS

At the conclusion of trial, the Court dictated into the record its Findings of Fact and Conclusions of Law on the plaintiffs' claims under the Comprehensive Budget Reconciliation Act of 1986, 29 U.S.C. § 1161 *et seq.* ("COBRA"). This opinion supplements those findings and conclusions.

I

COBRA applies to employers with twenty or more employees. 29 U.SC. § 1161 (b). It requires the employer, as sponsor of a group health plan, to offer participants and beneficiaries the option of electing continuation medical insurance coverage on the occurrence of a "qualifying event." 29 U.S.C. §§ 1161 (a); 1165 (1). A discharge is a qualifying event. 29 U.S.C. § 1163 (2). A discharged employee is entitled to continuation coverage for eighteen months. 29 U.S.C. § 1162 (2)(A)(i). Employers are required to notify an employee of her COBRA rights if and when a qualifying event occurs. 29 U.S.C. § 1166. The discharged employee must pay the applicable

premiums for the continuation coverage. 29 U.S.C. § 1162 (3).

If an employer fails to provide a discharged employee with notice of his COBRA rights, the employer is liable to the employee for full compensatory damages, i.e., all of the benefits which would have been provided if the COBRA notice had been provided. The court may award a reasonable attorney's fee. Moreover, the employer is subject to a penalty of $100 per day per person for each day that the notice is not provided.

In the court's discretion, a reasonable attorney's fee may be awarded. 29 U.S.C. § 1132 (g) (1); *Meadows By and Through Meadows v. Cagle's, Inc.*, 954 F.2d 686, 694 (11th Cir. 1992). In exercising its discretion, the court should consider such things as the degree of the opposing party's culpability or bad faith, the ability of the opposing party to satisfy an award of attorney's fees, the deterrent effect of an award of attorney's fees, whether individual rather than class benefits are sought, whether a significant legal question is presented, and the relative merits of the parties' positions. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir. 1980); *National Companies Health P. v. St. Joseph Hosp.*, 929 F.2d 1558, 1575 (11th Cir. 1991).

II

The plaintiffs are Mexican nationals, formerly employed by the defendant Harden Manufacturing Corporation at its plant in Haleyville (Cullman County), Alabama. Based on the jury's findings on the plaintiff's claims under the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.*, the plaintiffs were summarily discharged after plaintiff Adelfa Garcia-Villa suffered an on-the-job injury and was hospitalized. In fact, they were discharged while Mrs. Garcia-Villa was still in the hospital, and immediately after Concepcion Villa reported her illness and his need to provide care for her. At no time since their termination has the defendant given, or attempted to give, the plaintiffs the statutorily-required notice of their rights to continuation of medical

insurance coverage under COBRA. The defendant has offered no plausible explanation for its failure to do so.

Concepcion Villa obtained new employment and medical insurance coverage within two weeks of his discharge by the defendant. Mrs. Garcia-Villa was not so fortunate. She was pregnant at the time of the discharge; and because of her pre-existing condition, her husband's new insurance plan did not cover the expenses of the pregnancy. She has incurred $4,316.99 in those medical expenses. She has not worked on any permanent job since her discharge.

III

As reflected in the court's oral findings, the defendant clearly violated COBRA.

Mrs. Garcia-Villa is entitled to compensatory damages of $4,850.00, including prejudgement interest at the stipulated rate of six per cent (6%).

Because of the defendant's brazen disregard of it COBRA-imposed obligations, a penalty is appropriate. The court will impose a $1000 penalty in favor of Concepcion Villa. It will impose a $3000 penalty in favor of Mrs. Garcia-Villa.

The court concludes that the plaintiffs are entitled to a reasonable attorney's fee. The court finds that the defendant's conduct is seriously culpable, approaching bad faith. The defendant has not hinted that it is unable to satisfy an attorney's fee award. An attorney's fee award will serve to deter other employers from utterly ignoring COBRA's notification requirements. No class relief is sought and the case does not present any substantial legal questions; but the plaintiffs' position is totally meritorious and the defendant's position is precisely the opposite.

The plaintiffs' counsel has agreed to a $150 hourly rate, which the court finds to be entirely reasonable.

These conclusions will be embodied in the Final Judgment.

Done this 26th day of February, 1999.

United States District Judge
U.W. Clemon